# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

LOVETTA L. SCOTT,

               Plaintiff,

                                                              Case No. 10-C-754

    -vs-

MICHAEL J. ASTRUE,
**Commissioner of Social Security Administration,**

               Defendant.

# DECISION AND ORDER

Lovetta Scott ("Scott") appeals from the denial of her application for social security disability benefits. The Administrative Law Judge ("ALJ") found that Scott suffers from the following severe impairments: migraine headaches; hand tremor; obesity; obstructive sleep apnea; asthma; gastroesophageal reflux disease (GERD); left shoulder pain; left deep vein thrombosis; carpal tunnel syndrome; back pain; bipolar disorder; panic disorder; agoraphobia; depression; and anxiety disorder. The ALJ concluded that Scott has the residual functional capacity (RFC) to perform the demands of light work including tasks that involve no climbing, balancing, or exposure to heights or hazards (to account for her occasional migraines, sleep apnea and pain); no exposure to concentrated fumes or environmental irritants (to account for her asthma); and does not require more than frequent hand use (to account for her shoulder impairment). Continuing, the ALJ noted that Scott demonstrated some symptoms of bipolar disorder, panic, depression, and anxiety, the "practical consequences" of which are captured by limiting her to unskilled, simple, low-

stress work with no public contact and only occasional interaction with co-workers and supervisors.

On review, the Court will overturn the Commissioner's final decision only if it lacks support by substantial evidence, is grounded in legal error, or is too poorly articulated to permit meaningful review. *Hopgood ex rel. L.G. v. Astrue*, 578 F.3d 696, 699 (7th Cir. 2009). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Powers v. Apfel*, 207 F.3d 431, 434 (7th Cir. 2000). The Court views the record as a whole but does not reweigh the evidence or substitute its judgment for that of the ALJ. *Schmidt v. Apfel*, 201 F.3d 970, 972 (7th Cir. 2000). The ALJ is not required to address every piece of evidence or testimony presented, but must provide a "logical bridge" between the evidence and her conclusions. *Clifford v. Apfel*, 227 F.3d 863, 872 (7th Cir. 2000).

A state agency reviewing psychologist, Dr. Keith Bauer, completed a Psychiatric Review Technique which indicated that Scott had moderate difficulties in maintaining concentration, persistence or pace. R. 326. The ALJ seemed to address this evidence briefly, stating that the "record shows she experienced moderate difficulties in concentration and pace of performance by preoccupation of unfortunate past events in her life and worries but not to a degree she could not carry out activities." R. 69.

Scott argues that the ALJ erred by not including her moderate limitation on concentration, persistence and pace in the hypothetical posed to the vocational expert ("VE"). "Among the limitations the VE must consider are deficiencies of concentration, persistence and pace. Our cases, taken together, suggest that the most effective way to ensure that the

VE is apprised fully of the claimant's limitations is to include all of them directly in the hypothetical." *O'Connor-Spinner v. Astrue*, 627 F.3d 614, 619 (7th Cir. 2010) (internal citations omitted). This is not a "per se" requirement, and the Commissioner argues that it should be excused in this case because the hypothetical adequately accommodates these restrictions by limiting her to "simple, low-stress work." For example, the Seventh Circuit has "let stand an ALJ's hypothetical omitting the terms 'concentration, persistence and pace' when it was manifest that the ALJ's alternative phrasing specifically excluded those tasks that someone with the claimant's limitations would be unable to perform. We most often have done so when a claimant's limitations were stress- or panic-related and the hypothetical restricted the claimant to low-stress work." *Id.* Here, it is unclear whether Scott's limitations are "stress- or panic-related" (i.e., caused by panic or anxiety disorder), or whether they are caused by one of her other conditions like depression (as in *O-Connor-Spinner*) or even bipolar disorder. Therefore, the Court must abide by the admonition that "the ALJ should refer expressly to limitations on concentration, persistence and pace in the hypothetical in order to focus the VE's attention on these limitations and assure reviewing courts that the VE's testimony constitutes substantial evidence of the jobs a claimant can do." *Id.* at 620-21.

**IT IS HEREBY ORDERED THAT** the Commissioner's denial of benefits is **REVERSED**, and this matter is **REMANDED** for further proceedings consistent with this opinion. 42 U.S.C. § 405(g) (sentence four).

Dated at Milwaukee, Wisconsin, this 13th day of May, 2011.

                                        **BY THE COURT:**

                                        <u>s/ Rudolph T. Randa</u>
                                        **HON. RUDOLPH T. RANDA**
                                        **U.S. District Judge**